UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES PAUL PARKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-02520 |
| | § | |
| METROPOLITAN TRANSIT AUTHORITY | § | |
| OF HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Pending before the Court is the defendant's, Metropolitan Transit Authority of Harris County, Texas ("METRO"), motion to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 2) The plaintiff, James Paul Parkerson (the "plaintiff"), proceeding *pro se*, has failed to file a response in opposition to METRO's motion to dismiss and the time for doing so has long expired. Accordingly, pursuant to S.D. Tex. L.R. 7.4, the plaintiff's "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, and the applicable law, the Court determines that METRO's motion to dismiss should be **GRANTED** and that the plaintiff's claims should be **DISMISSED**.

**II.    FACTUAL OVERVIEW**

On June 15, 2018, the plaintiff filed a form document entitled, "Complaint for Violation of Civil Rights" (Non-Prisoner Complaint), in the 281st Judicial District Court of Harris County, Texas, pursuant to 42 U.S.C. § 1983, alleging that METRO violated his Fourth and Eighth Amendment rights on May 20, 2017, when a METRO bus operator ordered him to be removed

from a bus at the Fifth Ward/Denver Harbor Transit Center while he was experiencing a seizure. (*See* Dkt. No. 1, Ex. D.) On July 20, 2018, METRO timely removed the case to this Court, pursuant to 28 U.S.C. § 1331. (Dkt. No. 1). METRO now moves to dismiss the plaintiff's lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).

Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

## IV. ANALYSIS AND DISCUSSION

METRO argues that the plaintiff's § 1983 claim should be dismissed because the plaintiff fails to identify "any official METRO custom, policy, or practice implicated by the single incident forming the basis of his claim." (Dkt. No. 2 at 2). METRO, as a rapid transit authority operating pursuant to Texas Transportation Code § 451, is a public entity that "exercises public and essential governmental functions." Tex. Transp. Code § 451.052(a)(1). In order to prevail against a municipal entity, such as METRO, under a § 1983 theory, a plaintiff is required to establish that METRO's policy or custom caused the constitutional deprivation alleged. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 91, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); *Sanders–Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009). Here, the plaintiff's civil rights claim for failure to train requires him to allege a defect in training or supervising that was a moving force behind the alleged constitutional injury. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

The failure to train a municipal employee may constitute a "policy," only where the failure to train "reflects a 'deliberate' or 'conscious' choice by a municipality." *City of Canton v.*

*Harris,* 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed.2d 412 (1989). To prevail on a failure to train theory of municipal liability against METRO, a plaintiff must demonstrate that: (1) METRO's training policies and/or procedures were inadequate or defective; (2) METRO was deliberately indifferent in implementing its policies for training; and (3) the infringement of his rights was directly caused by the inadequacy of METRO's training policies and/or procedures. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009) (citing *Sanders–Burns*, 578 F.3d at 290). "'[D]eliberate indifference' is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of [its] action[s]." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997). "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Thompson v. Upshur Cty. Tx.*, 245 F.3d 447, 459 (5th Cir. 2001) (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798 - 99 (5th Cir. 1998); *Thompkins v. Belt*, 828 F.2d 298, 304 - 305 (5th Cir. 1987)). Rather, a plaintiff is generally required to demonstrate that the municipality or supervisor had notice of a pattern of prior acts "fairly similar to what ultimately transpired." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (internal citations omitted).

In this case, the plaintiff does not allege a policy statement, ordinance, regulation or decision that was officially adopted by METRO or detail facts sufficient for this Court to infer a persistent, widespread pattern or practice of similar constitutional violations. Rather, he merely complains of an isolated incident. Simply put, when the plaintiff's pleadings are reviewed *in toto*, the plaintiff has failed to plead any facts which, when taken as true, demonstrate that

METRO acted pursuant to an official policy, illegal custom, or practice and/or that it was deliberately indifferent in adopting its training policies and/or procedures such that the inadequacy of training was obvious and likely to result in a constitutional violation. Accordingly, the plaintiff's § 1983 claim against METRO should be dismissed for failure to state a claim.

METRO also moves to dismiss the plaintiff's Eighth Amendment claim. The Eighth Amendment guards against excessive bail, excessive fines, and cruel and unusual punishments---protections extended only to those who have been convicted of a crime and adjudicated guilty, none of which is applicable to the plaintiff here. *See* U.S. Const. amend. VIII; *see also DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199 n. 6, 109 S. Ct. 998, 1005 n. 6, 103 L. Ed.2d 249 (1989) (reasoning that the Eighth Amendment's protection extends to those who have been convicted of a crime, and is concerned with a state's power to punish after an individual has been adjudicated guilty). As such, the plaintiff has failed to state an Eighth Amendment claim against METRO.

## V. CONCLUSION

Based on the foregoing analysis and discussion, METRO's motion to dismiss the plaintiff's claims against it is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 22nd day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge